**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NYESHA LASHAE SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>SUPERINTENDENT WILLIAM FRANTZ, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:26-cv-02867<br><br>(SAPORITO, J.) |

# MEMORANDUM

Nyesha Lashae Simmons, a prisoner at SCI-Muncy proceeding *pro se*, asserts a variety of claims against five defendants affiliated with the prison. (Doc. 1). For the following reasons, Simmons will be directed to file an amended complaint, or the case will proceed only on a small subset of her claims.

## I. BACKGROUND

Simmons brings this complaint against the Superintendent of SCI-Muncy (William Frantz) and four correctional officers at the prison ("Michaelwitz," K. Engel, M. Goodson, and T. McMillan). Although her description of these events is vague, we have liberally construed her allegations as required of a *pro se* complaint. *See Estelle v. Gamble*, 429

U.S. 97, 106 (1976).

Simmons alleges that during a three-week period in January 2025, the four correctional officers "repeatedly raped [her] . . . while medical staff failed to intervene." She alleges that she suffered miscarriages in January 2025 and March 2025; although she describes the officers as having raped her "[b]y anal penetration," we understand her to allege that she suffered these miscarriages as a result. *See* (Doc. 1 at 4). She alleges that when she suffered the miscarriages, she received no "medical monitoring or hospitalization [after] telling staff in the MHU[1]." She also alleges that these conditions were imposed on her in retaliation for (1) filing a prison grievance after she was denied parole in July 2024, and (2) filing a PREA complaint against another inmate in October 2024.

Simmons asserts a variety of claims, including Eighth Amendment claims of cruel and unusual punishment; "discrimination of a mental health prisoner"; "failure to intervene" by unnamed medical staff; "sexual

---

[1] We infer that the abbreviation "MHU" refers to a Mental Health Unit. *See generally* DOC Policy Statement 13.8.1. Simmons generally alleges that these events took place in the prison infirmary, but she also claims that at some unspecified time, her "body was moved to a different location of the facility."

assault, negligence, and intentional infliction of emotional distress"; retaliation for "using the grievance process" and "filing PREA against a peer"; and "violation of my human basic rights of the [Ninth] Amendment."

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing screening procedures and standards).

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013).

Simmons is pursuing constitutional claims that would fall under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

> the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a Section 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Further, "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As explained by the Third Circuit Court of Appeals:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made

with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

## III. Discussion

Simmons plausibly alleges Eighth Amendment claims, and state law claims of intentional infliction of emotional distress, against the four correctional officers based on the alleged sexual assaults. However, while the events Simmons describes are abhorrent, her complaint lacks sufficient detail to sustain her remaining claims. She will have 30 days to file an amended complaint or these remaining claims will be dismissed.

While Simmons generally alleges that medical staff "failed to intervene" while she was being raped, and denied her medical care after her miscarriages, she has not named any member of the medical staff as a defendant. On these facts, Superintendent Frantz is not a viable defendant for these claims. *See Rode*, 845 F.2d at 1207 (personal involvement in a constitutional violation requires "participation or actual knowledge and acquiescence"). The vague allegation that Simmons "[told] staff in the MHU" about her medical needs is insufficient, because she has not alleged that any of the named defendants were in the MHU, has not explained what she told "staff," and has not explained how these

non-medical officials stopped her from seeking medical care. To proceed on this type of claim, it is not enough to say that she was denied care; Simmons must allege specific facts showing how each defendant knew about her medical needs and why their actions or inactions reflected deliberate indifference to those needs. *See Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023).

Simmons brings unspecified claims premised on "discrimination of a mental health prisoner"; however, the fact that she was receiving mental health care during this time does not itself suggest discrimination. Regardless of the intended legal theory, a plaintiff cannot state a claim by vaguely labelling a defendant's actions as discriminatory. *See*, *e.g.*, *Moore v. Filer*, No. 3:22-CV-2073, 2024 WL 264679, at *5 (M.D. Pa. Jan. 24, 2024); *Roman v. Little*, No. 19-CV-5204, 2019 WL 6528770, at *4-5 (E.D. Pa. Dec. 4, 2019).

Similarly, there is no plausible basis to infer that defendants were retaliating against Simmons for filing a grievance or a PREA complaint. For a First Amendment retaliation claim, the plaintiff's complaint must support an inference that the prison grievance or complaint was a "substantial or motivating factor" in the official's decision to take adverse

action against her. *See Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017). Simmons claims the events of January 2025 were retaliation for a grievance from July 2024; however, that grievance has no apparent connection to these defendants, and there is no indication that they were even aware of it.[2] The same is true of Simmons's PREA complaint; she offers no plausible explanation why her complaint about another inmate would motivate prison officers to sexually assault her several months later. Without facts that explain these claims, Simmons's own belief that she was the victim of retaliation is insufficient. *See*, *e.g.*, *Smith v. Price*, No. 3:11-CV-1581, 2012 WL 6541008, at *17 (M.D. Pa. Nov. 21, 2012) (plaintiff's "subjective sensitivity" to retaliation based on "events . . . separated in time from one another by months [that] entail disparate acts by different actors" did not support a plausible claim).

Finally, Simmons asserts a violation of her "basic rights" under the Ninth Amendment, but it is unclear how the Ninth Amendment applies

---

[2] In the July 2024 grievance, Simmons primarily complained about the fact that the DOC did not recommend her for parole. She was denied parole in part because of a "lengthy + excessive misconduct history," which she attributed to "the neglect of staff securing [her] from sexual harassment." Regardless, none of these defendants were named in the grievance, and she does not allege that they were involved in the DOC's parole recommendation. *See* (Doc. 1-1 at 13-14).

to this case. *See Hall v. Wahl*, No. 3:24-CV-226, 2025 WL 439823, at *8 (M.D. Pa. Feb. 7, 2025) ("The Ninth Amendment does not independently establish any constitutional right for the purpose of pursuing a civil rights action . . . As such, courts have generally rejected Ninth Amendment claims raised by prisoners based on complaints about prison conditions.") (quotations and citations omitted). This claim is subject to dismissal unless it is further developed in the amended complaint.

## IV. Conclusion

For the reasons described above, we grant Simmons 30 days to file an amended complaint. Any amended complaint must incorporate all her proposed claims and provide specific facts that explain why each defendant is liable to her. She may attach prison records or other documents if they are helpful in explaining her claims. If she does not file an amended complaint, the case will proceed only on her Eighth Amendment claims of sexual assault and state law claims of intentional infliction of emotional distress against the four correctional officers. An appropriate order follows.

Dated: October 16, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge