IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Nyesha L. Simmons
Plaintiff,

vs.

Kiera Swinehart,
Samantha mallory,
Grace Heckman,
SuperIntended William Frantz,
Lieutenant (Lt.) michaelwitz,
Lieutenant (Lt.) K. Engel,
Lieutenant (Lt.) m. Goodson,
Officer T. mcmillan.
Defendants.

AMENDED COMPLAINT

Jury Trial Demand

CIVIL Action # 3:26-CV-02867

FILED
SCRANTON
NOV 13 2026
PER ______
DEPUTY CLERK

• PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Nyesha L. Simmons, by pro se, for her first amended complaint against defendants: RN/Director of Nursing Kiera Swinehart, RN + MHU staff Samantha mallory, LPN Grace Heckman, SuperIntended William Frantz, Lieutenant "michaelwitz", Lieutenant K. Engel, Lieutenant m. Goodson, and Officer T. mcmillan.

• JURISDICTION + VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress deprivation, under color of state law, of rights secured by the constitution of the United States. The matters in controversy arise under 42 U.S.C. Section 1983.

2. The middle District of Pennsylvania is an appropriate venue under 42 U.S.C. Section 1983 because it is where the events giving rise to this claim occurred.

• PARTIES

3. Plaintiff, Nyesha L. Simmons is and was at all times mentioned herein a prisoner of the State of Pennsylvania in the custody of the PA Department of Corrections. She is currently still confined at SCI (State Correction Institute) Muncy in Muncy, PA.

4. Defendant Kiera Swinehart was, at all times relevant herein, a registered nurse and director of nursing employed or retained by the D.O.C. (Department of corrections) SCI-muncy to provide + oversee medical services.

5. Defendant Samantha Mallory was, at all times relevent herein, an MHU (Mental Health Unit) Staff and nurse at the time, but no longer, at SCI-muncy.

6. Defendant Grace Heckman was, at all times relevant hereto, is to the best of my knowledge an LPN and in the infirmary at SCI-muncy.

7. SuperIntended William Frantz is warden of the correction Department, SCI-muncy, of the State of Pennsylvania and a defendant in this complaint, at all times relevant He is legally responsible for the overall operation of the D.O.C. at SCI-muncy, and for the welfare of all the inmates in that prison.

8. Defendant Lt. "Michaelwitz" was, at all times relevent hereto, with the rank of Lieutenant at SCI-muncy.

9. Defendant K. Engel was, at all times relevant hereto, with the rank of Lieutenant at SCI-muncy.

10. Defendant M. Goodson was, at all times relevant hereto, with the rank of Lieutenant at SCI-muncy.

11. Defendant T. McMillan was, at all times relevent here to, a correctional officer at SCI-Muncy.

## • PREVIOUS LAWSUITS BY PLAINTIFF

12. Plaintiff has filed, previously, a Petition for writ of Habeas Corpus Civil Action No. 3:24-CV-01946 on or about December 19, 2024, relating to her imprisonment. which was settled by U.S. District Judge Joseph F. Saporito JR. also, as he hears this civil action.

## • EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. A grievance, in accordance with DC-ADM804, relating to the occurrence of these events has been submitted by, I, the Plaintiff on August 16, 2026, Assigned #1230077, and previously attached to the initial ~~grievan~~ complaint. Although I, the plaintiff, have received notice that my initial grievance has been rejected I do not need to file any appeals to complete the administrative remedy process for allegations of sexual abuse or sexual harassment, as attached to initial complaint also.

## • FACTS

#14. On or about January 04, 2025 I, the plaintiff, was housed in one of the POC (Psychiatric Observation Cells) Section inside the infirmary at SCI-muncy, alone. This was for the following reasons and timeline:

# 15. On or about October 06, 2024 I, the plaintiff filed 'PREA' (prison rape elimination act) report against peer, Crystal Belle, D.O.C. # PD1322, to Defendant Lt. K. Engel verbally and via written statement. It was later ignored with zero change nor separation made.

#16. About November 03, 2024 my submitting of Civil Suit #3:24-CV-1946 became complete.

#17. On November 28 (Thanksgiving) and 29, 2024, a day apart, two fights between Crystal Belle D.O.C.# PD1322 occurred in which my eyelid was ripped out and hospitalization for eye stitches was necessary because of DOC SCI-Muncy, Super Intended William Frantz and K. Engel's negligence and failure to acknowledge the PREA the plaintiff filed against Crystal Belle and to seperate us by floor or housing unit as I asked as any general 'PREA' procedure.

#18. After these two fights I, the Plaintiff, was hidden away and Isolated from November 2024 - April 08, 2025 with zero outside phone contact or any social contact of my peers. Therefore about end of October 2024 I was sent to the RHU (restricted housing unit or "the hole") for a seperate incident. Upon serving that 30 day sanction I was released from RHU along with a two week phone suspension. The peer remained on the same building I was sent back to despite the PREA and my asking for a seperation from her. The two fights escalated a day apart between her and I, within the two week gap as she continued to taunt and come to my single cell door where I was housed alone. After that I was isolated for an additional 5 months and raped for three of the weeks in January 2025.

#19. After the fights and hospitalization I was sent to the 'RHU', next the 'POC' for depression and claustrophobia where the rapes occurred for three weeks, then to the MHU and released to 'K-Unit' (for the severe mentally ill population). Which was all strictly a punishment not a cure. I, the plaintiff, asked to go to the MHU, myself, for safety and protection purposes as the infirmary medical staff, Grace Heckman (defendant), continued to allow male staff, defendants Lt. 'Michaelwitz', Lt. K. Engel, Lt. M. Goodson, and officer T. McMillan in my POC cell to rape me by anal penetration. Also for the reason that SCI-Muncy DOC staff Unit manager Fred Reibsome and female counselor Williams visit my POC cell to tell me I'd only return to 'E-Unit' (where Crystal Belle remained) and I feared for my safety and physical health which I informed them of.

#20. The POC is inside the infirmary within alot of medical staff traffic + correction officer 'rounds'/shifts and appearances. Anyone could have intervened but it was condoned instead.

#21. January 2025, a three week period of rapes occurred one including which who is Lt. M. Goodson blood relative of Crystal Belle the peer who I filed PREA against in October 2024, 3 months prior.

#22. I was never let out of that POC cell for showers, vitals were done through a wicket (or slot through the door), not given toilet paper for restroom use.

#23. The first miscarriage happened and there was blood through out the entire cell I was housed in at the time in POC. The fetus fell in the toilet.

#24. There is zero reason the video surveillance, which the Prison would not release to myself for the purpose of this complaint, of my 'suicide watch' for the three weeks in the POC should be missing or erased. These tapes are evidence. If they are unavailable its to cove these male defendants behavior/actions toward me. While on 'suicide watch' for what it may concern a person is on constant watch via video surveillance. Tape recording of myself, the plaintiff, should be active at all times and for 24 hours of the three weeks that I'd been isolated in the POC.

#25. Once informing medical staff 'DON' Kiera Swinehart and Grace Heckman of rapes zero medical examinations were done for STD testing or a rapekit as I asked instead I was told by MHU staff, Samantha Mallory "No because the time has lapsed". Blood work simply was done instead no STD swab to track or prevent diseases. I was told by Defendant Mallory that "a swab is no longer a procedure for STD testing".

#26. I, the plaintiff, never had my cycle the entire 3 months I was in the MHU and I told Kiera Swinehart and Samantha Mallory what symptoms I was having during the second miscarriage, as stated in the initial suit, which took place in March 2025, these similar symptoms were that of the first miscarriage, in January 2025 while in the POC but no fetus passed through a second time. These two nurses expressed that I have to simply "let the miscarriage pass on its own."

#27. I, the plaintiff, was denied medical treatment/examination at the prison at the time and denied a procedure to be done at a local hospital, as I asked Samantha Mallory and Kiera Swinehart. It was not taken seriously. Its not as if I can force them to transport as I requested by demand and was denied. Nor did the Administration team intervene which included Defendant William Frantz who made "rounds"/apperances in the MHU once a week at the time. None of the medical defendants had intention to take me to a hospital as needed and as I asked. I cant open the prison gate and drive myself. Therefore medical staff indeed 'stopped my seeking medical care' and didnt call a ambulance either.

#28. my, the plaintiffs, basic human rights were ignored as zero examination took place

#29. While in General Population, on 'K-unit' for the severly mental ill I, the plaintiff, Nyesha L. Simmons, formally reported the rapes with PREA Lieutenant Clayton in writing and requested with 'K-unit' staff Unit manager Lindsay Willard, Counselor Samantha Dranzo, and PSS mordon verbally for a transfer to SCI-Cambridge Springs for protection purposes and I later filed a grievance for administrative remedy purposes assigned # 1209469 on 05-03-2026, #1210184 was responded by L. Willard on 05-20-2026, #1226646 and a copy of a "request to staff form" by Um. L. Willard enclosed as Exhibits. the Administrative Team Wendy Nicholas, William Frantz, Nicole mckee, Angel Baez-Sprague, the Security Department and Central Office denied the request.

## COUNT ONE:

## BREACH OF DUTY TO PROTECT

30. How does a warden/superintended lose an inmate for five months while they're being raped for 3 weeks of that duration, as I, the plaintiff, experienced and without him, Superintended William Frantz, knowing?

31. Defendants "michaelwitz", M. Goodson, K. Engel, and officer T. mcmillan breached their oath, as rank and law enforcers, in a correctional facility with a duty to protect, regulate matters there and to incorporate rehabilitation by sexually assaulting an inmate, I the plaintiff, Nyesha L. Simmons.

32. The fact that I experienced two miscarriages between a two month duration, January 2025 and march 2025, signifies that, one of the, Defendants "michaelwitz", M. Goodson, K. Engel and officer T. mcmillan or all of them sexually assault me, by anal penetration, unprotected therefore I've also possibly been exposed to STD's (Sexually Transmitted Diseases).

33. The Lieutenants and correction officer sexually assaulted I, the plaintiff, Neglected to use their rank for protection and correction purposes only and the intentional infliction of emotional distress were all violations. This is also deliberate indifference to my physical health.

~~34.~~

COUNT TWO:

FAILURE TO ADMINISTER ADEQUATE MEDICAL REMEDY

34. Defendants LPN Grace Heckman, RN Kiera Swinehart and Samantha Mallory exercised deliberate indifference on no adequate medical remedy to I, the plaintiff's health by failing to provide medical care to me following knowledge of or my informing them of the multiple rapes. No procedures or examinations were done by a OB/GYN at the prison or a local hospital for STD testing and internal cleanings of the two miscarriages.

35. These medical defendants have to draw an order for those types of procedures to be done, at the prison, or order an outside trip to a local hospital and they failed to. They indeed 'stopped my seeking medical care.' My basic human rights were ignored as zero examination and procedure took place, physically.

COUNT THREE

Retaliatory Treatment

36. Within months of submitting a grievance against The Administrative Team in July 2024, as attached to the initial civil action, retaliation has been endured to myself, the plaintiff Nyesha L. Simmons. Defendant William Frantz is on that Administrative Team and named in that grievance.

37. A PREA against a peer, Crystal Belle, reported to Defendant ~~E~~ K. Engel by myself gone uninvestigated and ignored which led to my physical harm and safety were at risk because my eyelid was stitched from two fights

AFTER submitting the PREA. If a seperation was granted as any other PREA situation I've witnessed and as procedure this would have been prevented.

38. Extreme and excessive confinement followed 5 months which in no way was benefical for my mental health. As Crystal Belle served about 20 days in the RHU I, the plaintiff, was isolated from phone contact + social contact with peers for about a half of a year then placed on the housing unit (building) for the mentally ill.

39. These acts represent a pattern of events demonstrating intentional retaliation against myself, the plaintiff, by male defendants Lt. Michaelwitz, Lt. K. Engel, Lt. M. Goodson, and correction Officer T. McMillan and SuperIntended William Frantz, the prisons overseer, for filing grievances, a PREA and a previous civil action and have caused myself further mental anguish as a result.

40. I am tramatized tremendously by my body experiencing a miscarriage for the first time. I no longer know if I can have a successful future pregnancy now. I have no knowledge if diseases are infesting in me or ten years from now due to a HIV/AIDS screening. My hair length has broken off which is a major change from my long length I had prior. I also have Alopecia which is a balding at both my temples/sides which hasn't been easy to cover because of the new short hair length. I've endured taunts from peers here blaming me for the rapes and because of my hair and SCI Muncy, medical and staff

as this has been submitted through grievance eventually, refuse to give me a wig or head scarf order, although I identify as a woman and not a transgender. I've been exposed to rape, again, but here as I have as documented at age 19.

WHEREFORE, I, the Plaintiff, Nyesha L. Simmons is asking for judgement in her favor and damages in her favor against all defendants regarding a transfer to SCI-Cambridge Springs in Erie, PA an amount sufficient to compensate her for the pain and suffering by her due to the deliberate indifference, intentional misconduct of defendants, hair damages, exposed to mental trigger and trauma of rape. Criminal charges toward the male defendants who were involved in the act, excluding William Frantz not in the act, should be brought upon them.

Respectfully submitted

Nyesha L. Simmons

Nyesha L. Simmons
Plaintiff
11/08/2026

...a L. Simmons
...1390
...I-Muncy
P.O. Box 180
Muncy, PA 17756

INMATE MAIL - PA
DEPT OF CORRECTIONS

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 17756 $ 002.56⁰
02 7W
0008033413 NOV 09 2026

RECEIVED
SCRANTON
NOV 13 2026
PER ______ DEPUTY CLERK

Clerk of Courts, Peter J. Welch
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Bldg. + U.S. Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

...MS X...Y